NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-75

JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 5322

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a judgment entered in the Superior Court upholding his classification as a level three sex offender.  He claims the evidence did not support the hearing examiner's classification decision and did not warrant Internet publication of his classification.  We affirm.

Discussion.  1.  Substantial evidence. The plaintiff first claims that the hearing examiner abused his discretion by mechanically applying the regulatory factors and rendering a decision that was arbitrary, capricious, and not supported by substantial evidence.  The Sex Offender Registry Board (board) "is constitutionally required to prove the appropriateness of an offender's risk classification by clear and convincing

evidence."  Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015) (Doe No. 380316).  "To determine the validity of an agency's decision, the reviewing court must determine whether the decision is supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015), quoting Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006).  In reviewing the board's decision, a court will "give due weight to [the board's] experience, technical competence, and specialized knowledge."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501), quoting Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013).  "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019).  Based upon these standards, we discern no error.

Contrary to the plaintiff's contentions, the hearing examiner carefully considered the evidence that was highly probative of both the risk of reoffending and the degree of dangerousness and included the following:  the plaintiff sexually assaulted two female children after having been

2

convicted of a previous sex offense against a male child (factor 2 -- repetitive and compulsive behavior); all his offenses involved children (factor 3 -- adult offender with child victim); his relationship with the male victim was extrafamilial (factor 7 -- relationship between offender and victim); he committed his offenses against the female victims while others were present (factor 16 -- public place); the three victims were of varying ages, genders, familial status (factor 21 -- diverse victim type); and the plaintiff sexually assaulted three victims (factor 22 -- number of victims).  The examiner also considered the offense against a male victim (factor 17 -- male against male) as bearing on the risk to reoffend as well as the offense against a child under the age of eight (factor 18 -- extravulnerable victim) as bearing on the degree of dangerousness.  Supporting and substantial evidence included the police interview of the male victim that led to the charge of indecent assault and battery of a child under 14 (G. L. c. 265, § 13B), the plaintiff's subsequent guilty plea to that charge, and the trial testimony of the female victims.  In each instance, the plaintiff took advantage of his trusted positions to abuse young children.  This substantial evidence spoke directly to the risk to reoffend and the degree of dangerousness as identified in the governing regulations and provided "clear

and convincing" proof of the level three classification. Doe No. 380316, supra at 298.

The plaintiff takes specific issue with the weight the examiner accorded to the offense against the male. In his analysis, the examiner gave "full weight" to repetitive and compulsive behavior (factor 2) based upon the plaintiff sexually assaulting the female victims in 2016 and 2017 following his conviction for sexually assaulting the male victim in 1996. The plaintiff contends that full weight should not have been given because he remained offense-free for almost twenty years between the offense against the male and the offenses against the females. The plaintiff further disputes the examiner's consideration of factors 7, 17, 18, 21, and 22, in connection with the offense against the male victim "because the supporting evidence is extremely dated." "A hearing examiner, however, may consider an offender's older sexual offenses where they are relevant to a holistic assessment of the offender's current degree of dangerousness." Doe No. 496501, supra at 651. We do not substitute our judgment for such an assessment that falls squarely within the experience, technical competence, and specialized knowledge of the examiner. Id. at 649.

The plaintiff next contends that the offense against the females occurred in a bedroom that should not have been

4

considered a public place (factor 16).  We disagree.  A public

place includes any area "that is open to the scrutiny of

others."  803 Code Mass. Regs. § 1.33(16)(a) (2016).  Given the

potential for detection of the offense by the mother and

siblings who were present within the bedroom when the assaults

occurred, the examiner could logically conclude that the

plaintiff exhibited a "lack of impulse control" that bore

directly on his risk to reoffend.  See Doe, Sex Offender

Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass.

779, 789 (2006).

We also disagree with the plaintiff's contention that the

examiner engaged in a mere "mechanical listing of the regulatory

factors rather than the required reasoned analysis."  The

hearing examiner prepared a carefully reasoned and factually

supported decision spanning forty pages.  The examiner also

considered the following risk-mitigating factors in his

decision:  the plaintiff's age, forty six, at the time of the

decision (factor 30 -- advanced age); his support network of

family and friends (factor 33 -- home situation and support

systems); and his stability in the community (factor 34 --

materials submitted by the sex offender regarding stability in

the community).  In addition, the examiner rejected

consideration of additional allegations of sexual abuse by the

plaintiff.  We conclude that the classification decision here was "based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex" (quotation and citation omitted).  Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 574 (2020).

2.  Internet publication.  Finally, the plaintiff contests Internet publication and argues that the examiner erred by not focusing on the sexual offenses that he recently committed.  He further contends that Internet publication "would not have any efficacy in warning his potential victim pool" because his latest victims were intrafamilial and he is not likely to have access to any additional intrafamilial potential victims given the stability of his current family situation.  Upon review of the record, we discern no error.

"The efficacy of Internet publication in protecting potential victims must be determined based on the facts of each individual case."  Doe No. 496501, 482 Mass. at 655.  The examiner here considered the specific facts surrounding the offenses and concluded that Internet publication served a public safety interest:  "I consider that if the [plaintiff] were to reoffend, it would likely be against an unsuspecting child who knows him and is engaging in what the child believes to be non-

6

sexual play.  The child might be the child of a caregiver who has a relationship with [the plaintiff]."  This rationale is well supported by the record that showed the plaintiff sexually assaulted three children by taking advantage of his special access and relationship of trust.

<u>Judgment affirmed</u>.

By the Court (Meade, Englander & Hodgens, JJ.[1]),

Clerk

Entered:  August 26, 2024.

---

[1] The panelists are listed in order of seniority.